| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 4:20 CR 00504 AGF/SPM |
| v. | ) | |
| | ) | |
| MICHAEL FEIN, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION FOR IMMEDIATE
RELIGIOUS AND MEDICAL
ACCOMODATIONS DURING
PRETRIAL DETENTION**

Comes now the United States of America, by and through Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Hal Goldsmith, Assistant United States Attorney for the Eastern District of Missouri, and for its Response to Defendant's Motion for Immediate Religious and Medical Accommodations During Pretrial Detention (ECF 9), states to this Honorable Court as follows:

1.     As an initial point, the United States agrees with Defendant in his request for reasonable accommodation for prayer, medical care and to meet his dietary requirements.  There has never been a dispute in that regard since Defendant was transported by the United States Marshal Service ("USMS") from Tel Aviv, Israel to the Eastern District of Missouri to face the pending Indictment.  The United States submits that, through the ongoing efforts of the USMS, it has made substantial effort and taken considerable action to ensure reasonable accommodation with Defendant's various requirements, and will continue to do so during Defendant's period of pretrial detention.

2.     During today's Initial Appearance and Arraignment Hearing, Defendant raised these various issues through his counsel.  In response, the United States called Deputy United States Marshal

Ann Alred to provide information on the record, and to clear up what appears to have been some confusion on these issues. As to Defendant's medical requirements, Deputy Alred advised that Defendant was examined by two USMS Medics in Tel Aviv, Israel prior to Defendant's transport to the EDMO. Defendant was cleared for travel, and the Medics ensured that Defendant had all of his necessary medication which he was permitted to travel with. The Medics accompanied Defendant on the flights from Tel Aviv to New York City and on to St. Louis. As Deputy Alred advised, the USMS designated Defendant to be housed at a facility in Pulaski County because there is an excellent medical staff and facility there to provide for his medical requirements. It should be noted that a May 5, 2026 note from Defendant's treating physician at Hadassah University Hospital Ein Kerem Jerusalem notes that, in addition to continuing on his medication, Defendant should get more exercise, walking at least 1 hour each day, should receive a repeat cognitive assessment and a brain MRI as part of a clinic follow-up in 6 months. The USMS is aware of Defendant's medical condition and is committed to ensuring that he receives appropriate care and medication as required.

3.     As to Defendant's requirements for prayer, Defendant has indicated that he needs to pray once each morning with his tefillin (two small leather boxes containing prayer scrolls attached to the biceps and forehead with leather straps). Deputy Alred advised that Defendant was allowed to keep his tefillin on the transport from Israel, and the tefillin is with his personal property at the Pulaski County facility. As a reasonable accommodation, Defendant was and will continue to be permitted to pray as requested, once each morning, with his tefillin while supervised at the facility. It should be understood that because of the lengthy leather straps attached to the leather boxes, the tefillin does prevent a security issue within the facility, thus the necessity of supervised prayer with the tefillin once a day.

4.     As to Defendant's dietary requirements, Defendant through counsel has advised repeatedly that Defendant requires a "Glatt Kosher" diet. During this afternoon's Hearing, Deputy Alred provided information that Defendant was provided an appropriate meal in Tel Aviv prior to transport which he ate and was provided food on the flights which he also ate. She advised that Defendant actually didn't finish all of the food he was provided, not because it didn't meet his dietary

requirements, but because he was no longer hungry. Upon arriving at the Pulaski County facility, Defendant was offered a Kosher vegetarian chicken patty, but he declined to eat it as he did not believe it met his dietary requirements. Defendant requested peanut butter and was then provided as much peanut butter as he wanted, at which time he was able to eat and take his necessary medication. Deputy Alred advised that representatives of the Pulaski facility then contacted a local Rabbi for guidance and obtained a number of packaged Kosher meals. It should be noted that both the undersigned AUSA and Deputy Alred had made inquiry of Defendant's counsel prior to today's Hearing as to *specifically* what Defendant's dietary requirements consisted of, and were both advised simply that he required Glatt Kosher meals, with no further advice or direction. The undersigned had also inquired of Defendant's counsel as to whether he had a plan for providing appropriate meals. Despite Defendant's counsel making light of such request during today's Hearing and suggesting that such a process would be "unconstitutional," Defendant now argues that he would be willing to do exactly that, "…or alternatively that compliant meals be permitted to be delivered by an approved outside source at Fein's expense" (Defendant's Motion, pp. 3-4). During today's Hearing, the Court requested that Defendant's counsel provide *specific* information to the USMS concerning Defendant's dietary requirements, and exactly how the USMS might ensure that they are met going forward. Further, following today's Hearing, a Deputy U.S. Marshal had additional conversations with Defendant's counsel, as well as a group of individuals who were in the courtroom in support of Defendant, in an effort to better understand how to make sure that Defendant is reasonably accommodated in his dietary requirements. All this is to say that to this point in time all efforts have been made to reasonably accommodate Defendant's dietary requirements. Further, as the Court heard today, the USMS is committed to making further effort, with appropriate and specific advice from Defendant's counsel, to ensure that going forward, during Defendant's period of pretrial detention, Defendant's dietary requirements continue to be met.

WHEREFORE, the United States of America prays that this Honorable Court deny Defendant's instant Motion as moot, and for such other relief as this Court deems appropriate and

just under the circumstances.

<div style="margin-left:50%">

Respectfully submitted,

THOMAS C. ALBUS
United States attorney


*s/ Hal Goldsmith*
HAL GOLDSMITH #32984
Assistant United States Attorney
111S. 10th Street, Room 20.331 St. Louis,
Missouri 63102
(314) 539-2200

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2026, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the defendant's counsel of record.

<div style="margin-left:50%">

*/s/ Hal Goldsmith*
HALGOLDSMITH
Assistant United States Attorney

</div>